## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

---

|  |  |
|---|---|
| ANTHONY MANCINI, Jr., et al., | : Hon. Faith S. Hochberg, U.S.D.J. |
|  | : |
| Plaintiffs, | : Civil Case No. 13-03167 (FSH) |
|  | : |
| v. | : **OPINION & ORDER** |
|  | : |
| BENIHANA NATIONAL CORP., | : Date: November 22, 2013 |
|  | : |
| Defendant. | : |

---

**HOCHBERG, District Judge:**

This matter comes before the Court upon Defendant's Motion to Dismiss this case for improper venue and on the ground of *forum non conveniens*, or in the alternative to transfer this case to the United States District Court for the District of Colorado pursuant to 28 U.S.C. § 1404(a) [Docket No. 16]. The Court has considered the parties' submissions without oral argument pursuant to Fed. R. Civ. P. 78.

## I. BACKGROUND

Plaintiff Anthony Mancini Jr. was allegedly injured after he fell at a Colorado restaurant owned by Defendant, Benihana National Corporation ("Benihana"). At that time, Mancini was employed as a private pilot by Short Hills Aviation Services, located in Morristown, New Jersey. On January 7, 2012, he transported a client on a chartered flight from New Jersey to Denver, Colorado. That evening, the night before his return trip, Mancini and his co-pilot, Jacques Delannoy, ate dinner at Defendant's Benihana restaurant in Broomfield, Colorado. Plaintiff admits he had several alcoholic drinks. Upon exiting the restaurant, Plaintiff claims he slipped on

the outdoor landing area in front of the restaurant and landed on the stairs. He contends that snow and sleet had accumulated on the landing area and stairs between the restaurant and the front sidewalk, which Defendant allegedly had not shoveled or salted. Defendant contends that it was not negligent, or alternatively, that Plaintiff was at comparative fault based on his alcohol consumption. Plaintiff Anthony Mancini, along with his wife, Christina Mancini (collectively "Plaintiffs"), brought an action in New Jersey Superior Court, Essex County, on April 10, 2013, to recover damages from Defendant. They asserted that Benihana was negligent in failing to maintain a clear walkway; that Defendant violated Colorado Statute Colo. Rev. Stat. § 13-21-115(3)(c)(1), governing the degree of care in premises liability cases; and that Defendant is liable to Plaintiff Christina Mancini for loss of consortium based on her husband's injuries. Defendant removed the action to this Court on May 17, 2013 and, on June 10, 2013, moved to dismiss the Complaint or alternatively transfer this case to the District of Colorado.[1]

## II. DISCUSSION

The Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are diverse, Plaintiffs being citizens of New Jersey and Defendant being a citizen of Delaware and Florida, and the amount in controversy is above $75,000, exclusive of costs and interest.

As to Defendant's Motion to Transfer, 28 U.S.C. §1404(a) provides that a Court may "transfer any civil action to any other district or division where it might have been brought" for "the convenience of parties and witnesses, in the interest of justice." *See Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879 (1995). It is undisputed that Plaintiffs could have originally filed in the District of Colorado, as the events that form the basis of the Complaint occurred at Defendant's restaurant located in Broomfield, Colorado. 28 U.S.C. § 1391(b)(2).

---

[1] Defendant has withdrawn the portion of its motion seeking to dismiss the Complaint pursuant 28 U.S.C. § 1391.

Although there is no definitive formula or list of factors to consider regarding whether transfer serves "the convenience of the parties and witnesses, in the interest of justice," courts do not limit the analysis to the three factors listed in §1404(a), but consider the private interests of the litigants and the public interest in fair and efficient administration of justice when making a decision. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508-509 (1947); *Jumara*, 55 F.3d at 879. In *Jumara*, the Third Circuit stated that a district court deciding a motion to transfer venue should consider a non-exhaustive list of twelve factors. *Id.* at 879-80. The private factors are: (1) the plaintiff's choice of forum; (2) the defendant's preference; (3) where the claim arose; (4) the convenience of the witnesses, but only to the extent they may be unavailable in one of the fora; (5) the convenience of parties; (6) the location of books and records; and the public factors are: (7) the enforceability of any judgment; (8) any practical considerations making trial easy, expeditious or inexpensive; (9) relative administrative difficulty resulting from court congestion; (10) the local interest in deciding local controversies at home; (11) the public policies of the fora; and (12) the trial judge's familiarity with applicable state law. The analysis, however, should not be limited to these factors, and factors may have different relevance in particular cases. *See Van Cauwenberghe v. Biard*, 486 U.S. 517, 528-529 (1988). A court's decision to transfer should consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by transfer to a different forum." *Jumara*, 55 F.3d at 879.

**a. Factors 1 & 2**

The Plaintiffs plainly prefer New Jersey, and the Defendant prefers Colorado. These factors balance out, although the Court recognizes that Plaintiff's choice of forum is entitled to deference unless the other factors strongly favor transfer. *See, e.g.*, *Shutte v. Armco Steel Corp.*,

431 F.2d 22, 25 (3d Cir. 1970).  *But see Tischio v. Bontex, Inc.*, 16 F. Supp. 2d 511, 521 (D.N.J. 1998) (plaintiff's choice of forum is afforded less deference if that choice "has little connection with the operative facts of the lawsuit.").

### b.  Factor 3

There is no dispute that the operative facts giving rise to this claim took place in Colorado, not New Jersey.  Plaintiff Anthony Mancini was allegedly injured in a Colorado restaurant, was treated by doctors at the Avista-Adventist Hospital in Louisville, Colorado, and was allegedly at comparative fault based on his intoxication after drinking at his Colorado hotel.  That the operative facts giving rise to the action occurred in another district weighs in favor of transfer.  *Id.*; *see also National Mortg. Network, Inc. v. Home Equity Ctrs.*, 683 F. Supp. 116, 119 (E.D. Pa. 1988)).  "When the central facts of a lawsuit occur outside the forum state, a plaintiff's selection of that forum is entitled to less deference." *Ricoh Co., Ltd. v. Honeywell Inc*., 817 F. Supp. 473, 481-82 (D.N.J. 1993); *see also National Micrographics Sys. v. Canon U.S*.A., 825 F. Supp. 671, 681 (D.N.J. 1993).  This factor weighs in favor of transfer.

### c.  Factor 4

Transfer is favored where the most pertinent witnesses will be found in the transferee district.  *See Schwilm v. Holbrook*, 661 F.2d 12, 15 (3d Cir. 1981).  Courts assess not only the location and number of witnesses, but also the nature and importance of their testimony.  *NPR, Inc. v. Am. Intl'l Ins. Co. of Puerto Rico*, Civ. No. 00-0242, 2001 WL 294077, at *6 (D.N.J. Mar. 28, 2001).  Here, both sides assert that a number of non-party witnesses are available only in their chosen forum.  Defendant contends that the General Manager of the Colorado Benihana, Jason Durban, was present the night the incident occurred and can testify to the behavior and alleged intoxication of Plaintiff before the injury, the condition of the stairs at the time, and

whether the condition was "open and obvious." Durban is no longer an employee, and Defendants offer an affidavit that Durban is unwilling to travel from his home in Denver, Colorado to New Jersey to testify. Similarly, Defendant points to a number of other potential witnesses including "hosts, servers, bartenders, table-side chefs, bus-boys, and maintenance staff" who may, after discovery, be able to testify as the presence or absence of ice and snow on the stairs and landing on Jan. 7, 2012. Many of these witnesses are no longer employed, given the high turnover in the food-services industry. Moreover, Defendant asserts that the employees of the snow removal company it hired to clear its premises of snow are located in Colorado. On the other hand, Plaintiffs point to Jacques Delannoy, Plaintiff Anthony Mancini's co-pilot, who was with Plaintiff most of that evening and can testify to the events leading up to Plaintiff's fall. Plaintiff claims that Delannoy, a New Jersey resident, will not travel to Colorado to participate in a trial.

Examining the nature and importance of these witnesses' testimony, Plaintiff asserted that its New Jersey witness is most probative because no one other than Plaintiff and Delannoy directly observed the fall. Even if this were correct, other significant issues bearing on liability include the condition of the premises at the time of Plaintiff's injury; whether the condition was "open and obvious;" and Plaintiff's behavior related to his intoxication directly before his fall. In either fora Plaintiff will be able to provide his own account as to the condition of the premises, his level of intoxication, and the events leading to his injury. If litigated in New Jersey, he will be able to call upon his co-pilot, Delannoy, for corroboration. Defendant, however, would be unable to compel testimony in New Jersey from neutral witnesses on the issue of Plaintiff's behavior related to his intoxication prior to his fall. Similarly, none of the neutral non-party witnesses identified by Defendant that could testify as to the condition of the landing and the

presence of ice and snow would be within the Court's subpoena power in New Jersey. Consequently, the District of Colorado will likely permit the most comprehensive testimony on all of the disputed issues.

As to Plaintiff's treatment, Defendant identifies a number of doctors, all physicians at Avista Adventist Hospital in Louisville, Colorado, that treated Plaintiff the evening of his injury, including: Dr. Peter Shin, D.O., Dr. Perry Stevens, M.D., Dr. Mitchell Achee, M.D., and Dr. Kirk Mitchell, M.D., who, as Defendant notes, treated Plaintiff for 75 minutes. It also identifies Emergency Medical Technicians, located in Colorado, who transported Plaintiff from the scene. Plaintiffs asserts that, since his return to New Jersey, local doctors have been treating his injuries, and that these witnesses will be essential. He contends that the witnesses Defendant has identified, the Colorado doctors, should not affect the transfer analysis as they have already provided their reports and likely cannot testify to any further information beyond the initial hospital visit. Plaintiff's New Jersey doctors, however, undoubtedly have similar records that will be relied upon by Plaintiff's retained expert witness, and whose analysis of Plaintiff's injuries necessarily occurred more distant from the incident than that of the Colorado doctors.

Transfer is appropriate, even though some of plaintiff's witnesses are in the original form, where "most of the witnesses, particularly, the non-party witnesses" are in the transferee forum. *Canon Financial Services, Inc. v. JL Barrett Corp*., Civ. No. 10-4117, 2010 WL 4746242, at *3 (D.N.J. 2010). Because the majority of the non-party witnesses who likely have the most probative knowledge on the contested issues are located in Colorado, the Court finds that the convenience of the parties and the interests of justice weigh heavily in favor of transfer. "Of primary importance to this decision is the fact that all of the most significant nonparty

witnesses reside in [transferee forum]." *Rutherford v. Sherburne Corp.*, 616 F. Supp. 1456, 1463 (D.N.J. 1985).

### d. Factors 5 & 6

As to the financial position of the parties, as stated in their submissions, Defendant owns an international franchise of Teppanyaki restaurants with 6,700 employees, and has significantly more resources than Plaintiff, a private pilot. Defendant's access to resources weigh against transfer. It is not determinative here, because it is outweighed by the fact that Defendant's additional resources would not permit it to compel the relevant non-party former employees and other witnesses to travel from Colorado to New Jersey. *Lodge v. Mayline Co.*, *LLC*, Civ. No. 10-4100, 2010 WL 4853642, *10 (D.N.J. Nov. 19, 2010) (granting transfer where the "only factor that weighs in [plaintiff's] favor is consideration of the convenience of the parties as indicated by their relative financial condition.").

### e. Public Interest Factors

Courts have an interest in deciding local controversies, and consequently, when an action "involves injuries sustained in a particular locale, the public interest supports adjudication of the controversy in that locale." *Coppola v. Ferrellgas, Inc.*, 250 F.R.D. 195, 201 (E.D. Pa. 2008) (quoting *In re Eastern Dist. Repetitive Stress Injury Litig.*, 850 F. Supp. 188, 195 (E.D.N.Y. 1994)). Here, Colorado has a local interest in ensuring its restaurants maintain safe premises. This is reinforced by the statutes cited by the parties including Colorado's "storm in progress doctrine," and Broomfield's Municipal code, which requires snow removal "no later than 12:00 noon of the day following the snowfall." Moreover, Benihana is not incorporated in New Jersey, nor does it have its principal place of business here. Although New Jersey may harbor a valid interest in protecting its citizens when they travel abroad, "the burden of jury duty is more fairly

placed on the [local] residents…who maintain an interest in resolving disputes which arise from accidents happening within their borders." *Coppola*, 250 F.R.D. at 201.

As to the trial judge's familiarity with the applicable state law, federal district courts "are regularly called upon to interpret the laws of jurisdictions outside of the states in which they sit." *Yocham v. Novartis Pharms. Corp.*, 565 F. Supp.2d 554, 560 (D.N.J. 2008). This does not weigh for or against transfer.


### III.     CONCLUSION & ORDER

Plaintiffs' preference for New Jersey and Defendant's superior resources weigh against transfer, while Defendant's preference, the convenience of the witnesses, the transferee district's interest in trying local cases, and the fact that all events giving rise to the claim occurred in Colorado weigh in favor of transfer. After balancing the private and public factors, the Court finds the District of Colorado is the most appropriate venue for resolution of this matter. Plaintiff's choice is outweighed by the fact that the transferee forum is where: (1) the injury arose and the premises are located, (2) a court will be familiar with the site at issue, (3) most of the non-party witnesses probably live, work, and can be compelled to testify, (4) the relevant evidence regarding Plaintiffs' claims will be found, (5) controlling Colorado law will be easily applied, and (6) citizens will have an interest in the outcome. Consequently, Defendant's Motion to Transfer pursuant to 28 U.S.C. § 1404(a) is granted and the matter is transferred to the District of Colorado for further proceedings.

**ACCORDINGLY IT IS** on this 22nd day of November 2013,

**ORDERED** that Defendant's motion to transfer venue pursuant to 28 U.S.C. § 1404(a) to the District of Colorado is **GRANTED**; and it is further

**ORDERED** that this case is **TRANSFERRED** to the United States District Court for the

District of Colorado; and it is further

**ORDERED** that this case is **CLOSED**.


**/s/ Faith S. Hochberg**_____
**Hon. Faith S. Hochberg, U.S.D.J.**